## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ISAIAH HARLOW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 1:15-cv-00620-WTL-MJD |
| vs. | ) | |
| | ) | |
| SUPERINTENDENT, New Castle Corr. Fac., | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Isaiah Harlow ("Mr. Harlow") for a writ of habeas corpus challenges a prison disciplinary proceeding, NCF 15-02-0069, in which he was found guilty of trafficking. For the reasons explained in this entry, Mr. Harlow's habeas petition must be **denied**.

### I. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

The underlying incident and disciplinary proceeding occurred while Mr. Harlow was incarcerated at the New Castle Correctional Facility. On February 10, 2015, Internal Affairs Investigator Robert Walling wrote a Report of Conduct in case NCF 15-02-0069, charging Mr. Harlow with offense A-113, trafficking. The conduct report states:

> The following conduct report has been issued to offender Isaiah Harlow #102274 for violation of Adult Disciplinary Code Class A-113 (trafficking). An investigation was conducted from 1/6/15 through 2/10/15, [i]nvolving Harlow and an officer trafficking tobacco. The officer in question admitted to bringing in tobacco to Harlow. Also, there was a Confidential Informant that knew about the officer and Harlow trafficking with one another. Based on the results of the investigation through Officers statement, Confidential Informant and the analysis of the evidence, the following is indicated: Isaiah Harlow did violate code A-113 Trafficking of the Adult Disciplinary Policy.
>
> "A confidential informant has provided information in this case resulting in the conclusion that the above identified offender is guilty of the above-charged offense. I swear and affirm under the penalties for perjury that I have knowledge of the confidential informant, and that I believe the information provided to me in this case by the confidential informant is reliable and true." Offender Harlow was told he would be issued conduct for trafficking by this writer on 2/6/15, upon conclusion of the investigation.

Dkt. 12-1.

On February 16, 2015, Mr. Harlow was notified of the charge of trafficking and served with a copy of the conduct report and a copy of the Notice of Disciplinary Hearing "Screening Report." Mr. Harlow was notified of his rights and pleaded not guilty. He requested the appointment of a lay advocate, and one was later appointed. Mr. Harlow did not request any witnesses, but he did request as physical evidence the time and date of the incident, review of any camera footage, and copies of all available statements. Additionally, on February 16, 2015, Mr. Harlow wrote a letter to Disciplinary Hearing Officer ("DHO") Thompson requesting

additional information regarding the charge, such as when he was alleged to have trafficked and the type and quantity of tobacco he received.

After a postponement, DHO Thompson held a disciplinary hearing in case NCF 15-02-0069 on February 24, 2015. Mr. Harlow pleaded not guilty and provided the following statement: "I don't know when the incident took place. I did not traffick with the officer." With regard to the requested physical evidence, the DHO indicated that there was no camera footage and that the statements were confidential.

The DHO found Mr. Harlow guilty of trafficking. In making this determination, the DHO considered staff reports, evidence from witnesses, Mr. Harlow's statement, the summary of the investigation, and a confidential email about confidential informants. The DHO stated his reason for the decision: "Investigator R. Walling was at the hearing and did verbally answer the questions, and did verify the informant to be reliable and true. Based on the Cond. Report, evidence, offender and witness statements. Investigator Walling stated answers to the questions were confidential." Dkt. 12-6. Due to the seriousness and nature of the offense and the degree to which the misconduct disrupted the security of the facility, the DHO imposed the following sanctions: time served in disciplinary segregation, 45 days' lost phone and commissary privileges, 180 days' lost good-time credit, and a demotion from credit class II to credit class III.

Mr. Harlow's appeals were denied. This habeas action followed.

### III.  Analysis

Mr. Harlow alleges that his due process rights were violated during the disciplinary proceeding. Mr. Harlow's claims are: (1) he was not given adequate notice of the date when he allegedly committed the offense, in violation of the Disciplinary Code for Adult Offenders, Indiana Department of Correction Policy & Administrative Procedures No. 02-04-101 ("IDOC

Policy"); (2) he was not given the evidence that he requested so that he could properly prepare his defense, in violation of IDOC Policy; and (3) the questions he submitted to Investigator Walling were not properly answered, in violation of IDOC Policy.

A prisoner has a right to notice of the charges against him "in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff,* 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citing *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995)). "The notice requirement permits the accused to gather the relevant facts and prepare a defense." *Id.*

The officer who trafficked with Mr. Harlow did not know the date he brought in tobacco to the prison. The conduct report informed Mr. Harlow that the officer admitted bringing in tobacco to Mr. Harlow and that a confidential informant knew about the officer and Mr. Harlow trafficking. Although no specific date was provided, there was sufficient notice for Mr. Harlow to defend the charge against him. Even if the notice was insufficient, Mr. Harlow has shown no prejudice from the alleged insufficiency. *See Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir. 2011) (absent prejudice, any alleged due process error is harmless error).

Mr. Harlow's second claim is that the DHO failed to provide him with a detailed summary of the confidential statements and any camera footage. There was no camera footage, so that portion of the claim is meritless. His third claim is that questions that he presented to the investigator prior to the hearing were not answered. Rather, at the hearing the investigator merely stated that all of Mr. Harlow's questions asked for confidential information.

"[P]rocedural due process require[s] prison officials to disclose all material exculpatory evidence" to the petitioner in a disciplinary case. *Jones,* 637 F.3d at 847. "There is an exception,

however, to the disclosure of material, exculpatory evidence that would unduly threaten institutional concerns." *Id.* (internal quotation omitted). In cases that rely on a confidential informant, courts require some indication that the confidential informant was reliable.

The Court has reviewed the Report of Investigation. It contains no evidence that would be exculpatory in relation to Mr. Harlow's disciplinary charge. In addition, to reveal information contained in the Report of Investigation in more detail would threaten prison security concerns.

In this case, the investigating officer appeared at the disciplinary hearing and testified that the confidential informant was reliable. This indication of the reliability of the confidential informant comports with the requirements set forth by the Seventh Circuit in *Mendoza v. Miller,* 779 F.2d 1287, 1293 (7th Cir. 1985) ("Balanced against the government interest in protecting confidential informants and maintaining prison security is the prisoner's interest in a disciplinary hearing that is, [n]ot so lacking in procedural safeguards that they create substantial doubt that these prisoners committed the offenses for which they were disciplined.") (internal quotation omitted).   There was no due process error in refusing to provide non-exculpatory and confidential information to Mr. Harlow.

Mr. Harlow's claims also fail because they raise issues issue based on IDOC Policy, which is not subject to federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations"); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). The claims based on IDOC Policy fail to state a claim upon which relief can be granted.

Mr. Harlow was given notice and had an opportunity to defend the charge. The DHO provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Harlow's due process rights.

### IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Harlow's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  5/17/16

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ISAIAH HARLOW  #102274
Miami Correctional Facility
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN   46914

Electronically registered counsel